IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**TYRONE RAGLAND,**

      **Petitioner,**

v.                                                  **Case No. 5:19-cv-00343**

**D. L. YOUNG, Warden,**
**FCI Beckley,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the petition be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and this action be removed from the docket of the Court.

**I.    Relevant History**

On May 1, 2019, Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2241 and an Application to Proceed Without Prepayment of Fees and Costs.(ECF Nos. 1, 2). On May 9, 2019, the undersigned entered an Order directing Petitioner to either supplement his Application to proceed *in forma pauperis* or pay the requisite $5.00 filing fee. (ECF No. 4). Petitioner was advised that a failure to comply with the Order might

1

result in a recommendation of dismissal. (*Id.*). According to the docket sheet, Petitioner received the Order.

On May 23, 2019, Petitioner filed a supplemental Application, which demonstrated that he was able to pay the $5.00 filing fee; therefore, on the following day, Petitioner was ordered to pay the fee on or before June 15, 2019. (ECF No. 7). Petitioner was again advised that a failure to pay might result in a recommendation of dismissal. The docket sheet indicates that Petitioner received the Order. Instead of paying the fee, however, Petitioner filed a Motion seeking to have the Court issue a Show Cause Order to Respondent. (ECF No. 8). In the Motion, Petitioner stated that he had paid the fee, but the Clerk's office refuted that representation. Accordingly, on June 21, 2019, the undersigned issued yet another Order instructing Petitioner to promptly pay the filing fee. (ECF No. 9). The docket sheet indicates that Petitioner received this Order.

On August 2, 2019, six weeks after Petitioner was last ordered to pay the $5.00 filing fee, the undersigned issued a Show Cause Order, as Petitioner had failed to pay the fee and failed to communicate his reasons for noncompliance. (ECF No. 10). The undersigned noted in the Show Cause Order that Petitioner recently had been released to a residential reentry management field office ("RRM") in the Baltimore area; accordingly, his desire to pursue the habeas petition was unclear. As such, Petitioner was given thirty days to show good cause for retention of this case on the docket and to pay the filing fee. (*Id.* at 2). He was further advised that if he wanted to dismiss the petition, he could file a Voluntary Notice of Dismissal. The Show Cause Order was sent to Petitioner at the RRM, and the docket sheet reflects that it was not returned.

More than forty-five days have passed since the Show Cause Order was issued, without any communication from Petitioner. According to the Federal Bureau of Prison's

inmate locater, Petitioner is still in the custody of the Baltimore RRM.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a party has no interest in further prosecution of his civil action:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a party "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in

---

[1] Fed. R. Civ. P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket sheet demonstrates that Petitioner received two Orders notifying him that his Application to Proceed Without Prepayment of Fees and Costs was denied, and he needed to pay the $5.00 filing fee. Petitioner was further advised that his failure to fulfill that obligation would likely result in dismissal of the action. Notwithstanding these orders, Petitioner never paid the filing fee, dismissed the action, or communicated with the Court. Petitioner was given more than ample time to comply with the orders, but failed to do so. These failures add up to a case history of Petitioner proceeding in a deliberately dilatory fashion. Petitioner's case has been pending on the court's docket for more than four months, and he has been given nearly four months to comply with the Court's directives; yet, Petitioner has not complied. Thus, Petitioner is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants. Given that Petitioner has wholly disregarded court orders, has made no effort to pursue his case since June 2019, and has failed to follow up with the Court despite receiving a Show Cause Order, a sanction less severe than dismissal plainly will not be effective. *See Ballard,* 882 F.2d at 95-96.

Therefore, the undersigned **FINDS** that, as Petitioner has failed to prosecute this

matter, his petition for a writ of habeas corpus should be **DENIED**, and this case should be **DISMISSED**.[2]

### III. Proposal and Recommendation

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petition be **DISMISSED**, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Berger and Magistrate Judge Eifert.

---

[2] The Court notes that Petitioner's habeas petition requested that he be placed in a residential reentry center. Given that he currently has such a placement, his habeas petition is essentially moot.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

**DATED**: September 19, 2019

Cheryl A. Eifert
United States Magistrate Judge